UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| JOSEPH P. HART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MENDOCINO, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04501-RMI<br><br>**ORDER ON MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 5 |

　　　　Plaintiff has filed a motion for appointment of counsel. (Dkt. 5). Plaintiff requests that the Court appoint counsel because he suffers from seizures and severe neurological impairments, he has been unable to obtain counsel on his own, the violations alleged are severe, and the facts and law involved are likely to be complex. *Id.* at 1–2. However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

　　　　The court may ask counsel to represent an indigent litigant under Section 1915 only in "exceptional circumstances," the determination of which is based on (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Neither the need for discovery nor the fact that the pro se litigant would be better served with the assistance of counsel necessarily means the issues involved are

complex. *See Rand*, 113 F.3d at 1525 (where the plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel). The burden to show a need for appointed counsel is on the plaintiff. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, the record does not currently show exceptional circumstances as is required to appoint counsel. It is too early in the case to evaluate Plaintiff's likelihood of success on the merits. However, the court finds that Plaintiff has successfully articulated his claims and seems to have a fair grasp of the law involved. While Plaintiff is concerned about "technical pitfalls resulting from pro se status, disability, or lack of access to representation" (dkt. 5, p. 2), the applicable law and the rules of this court are designed to ensure that "technical pitfalls" do not derail a pro se litigant's meritorious claim. *See Erickson v. Pardus.*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (internal quotations and citations omitted); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

The court is also mindful of Plaintiff's disability. At least one district court in the Ninth Circuit has found that "appointed counsel may be required in a civil proceeding as an accommodation for a litigant who is disabled." *Martinez v. Tarrant*, 2024 WL 5186806, at *1 (E.D. Cal. Dec. 20, 2024). However, not all disabilities require such accommodation, especially when it does not appear that a pro se plaintiff's disability has impacted the quality of his pleadings. *Id.* at 2 (noting that evidence of a plaintiff's mental illness was insufficient on its own to show that he needed counsel, especially since his complaint had survived a motion to dismiss). Similarly, to the extent that a plaintiff is able to adequately articulate his claims pro se despite his disability, courts have found that a request for counsel based on disability "essentially makes the same argument that every pro se inmate can make—namely, that an attorney could or would handle the case better than he can." *Hoang Minh Tranh v. Gore*, 2013 WL 878771, at *3 (S.D. Cal. Mar. 8, 2013). Plaintiff has not shown that his disability requires that he be appointed counsel.

Accordingly, the Court finds that appointment of counsel is not necessary at this time. Plaintiff's motion for appointment of counsel is therefore DENIED without prejudice. If later developments in the case or Plaintiff's health indicate that exceptional circumstances may be present, Plaintiff may file another motion for appointment of counsel. In the meantime, the court encourages Plaintiff to take advantage of the Northern District of California's resources and guidance for pro se litigants, which are available at https://cand.uscourts.gov/pro-se-litigants/.

**IT IS SO ORDERED.**

Dated: July 29, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

3